# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE TRUST FUND, | )<br>)<br>) Case No.: |
| Plaintiff, | ) |
| vs. | ) Judge: |
| | ) |
| ANDREW CORY, an individual; and KRALOVEC, JAMBOIS & SCHWARTZ, an Illinois General Partnership, | ) Mag. Judge:<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

NOW COMES the Plaintiff, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE TRUST FUND ("FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants ANDREW CORY ("CORY") and KRALOVEC, JAMBOIS & SCHWARTZ ("KJS"), an Illinois General Partnership, and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the FUND is administered at 245 Fencl Ln, Hillside, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff FUND is a fiduciary of the Central State Joint Board Health & Welfare Plan ("Plan") and as such, is authorized to bring this action pursuant to 29 U.S.C. § 1132(a)(3).

4. Defendant ANDREW CORY is a resident of Chicago, Illinois and is a participant of the FUND.

5. Defendant KRALOVEC, JAMBOIS & SCHWARTZ, is an Illinois general partnership with its principal place of business located in Chicago, Illinois.

## FACTUAL ALLEGATIONS

6. The FUND is a self-funded welfare benefit plan as defined in 29 U.S.C. § 1002(1) that provides, *inter alia*, medical and disability benefits to covered individuals.

7. CORY was a Participant of the FUND as defined by the Plan Document/Summary Plan Description ("Plan/SPD"). (A copy of the relevant provisions of the Plan/SPD is attached as **Exhibit 1**).

8. On or about November 20, 2022, CORY was injured while driving his vehicle on North Halsted Street in Chicago, Illinois, and sustained neck and back injuries (the "Injury").

9. The FUND has paid a total of $59,292.00 in medical benefits on CORY's behalf related to the Injury.

10. According to CORY's attorney, Michael Sullivan, Defendant KJS, on behalf of CORY, made a tort claim against the tortfeasor that caused the Injury and the tortfeasor's insurance company (the "Tort Claim").

11. The Plan's Reimbursement provisions in effect at the time CORY sustained his Injury contained in the Plan/SPD states as follows:

> "The Fund is entitled to 100% reimbursement of all medical claims paid on your and/or your Dependent's behalf, related to the injury or illness, from

all Third Party recoveries. The Fund's right of subrogation and reimbursement will not be reduced or affected as a result of any fault or claim on the part of you and/or your Dependent, whether under the doctrines of causation, comparative fault or contributory negligence, or other similar doctrine in law. Therefore, if you and/or your Dependent receive payment from or on behalf of a Third Party for claims paid by the Fund, you must reimburse the Fund for 100% of benefits paid under the Plan."

(**Exhibit 1**).

12. Pursuant to the terms of the Plan/SPD, by accepting benefits under the Plan/SPD, CORY agreed to reimburse the FUND.

13. The Plan/SPD further states as follows:

"Subrogation or reimbursement rules apply if the Fund pays any benefits that arise out of an Accident or Sickness which results in a claim against a Third Party. By accepting benefits under the Plan, you are agreeing to reimburse the Fund for all such expenses paid on your behalf. Under these circumstances, the Fund is entitled to full and total reimbursement of its expenditures from all Third Party recoveries and as such, you shall be deemed to hold the right to recovery against such party in trust for the Plan."

(**Exhibit 1**).

14. Recently, CORY agreed to settle the Tort Claim in exchange for payment in the amount of $100,000.00.

15. KJS maintains $100,000.00 of the settlement proceeds in its client trust account.

16. The FUND, through its attorneys and agents, have demanded full reimbursement of the $59,292.00 in medical benefits that the Plan paid on CORY's behalf, which Defendants have refused to pay.

17. As of today's date, Defendants have refused to recognize the FUND'S absolute right to recover pursuant to the Plan/SPD and ERISA.

18. Pursuant to the Plan/SPD, Defendants are also obligated to reimburse the FUND for attorney's costs and fees incurred as a result of enforcing its rights under the Plan from the

settlement proceeds. (**Exhibit 1**).

## COUNT I – ENFORCEMENT OF PLAN/SPD – EQUITABLE LIEN

19. Plaintiff incorporates by reference paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. By refusing to reimburse the FUND the full amount of benefits paid in the amount of $59,292.00 from the monies received by Defendants in the settlement of the Tort Claim, Defendants have violated the terms of the Plan/SPD which clearly state that the Plan has a right to reimbursement from any and all money that Defendants recover from the Tort Claim.

21. The FUND has an absolute right to reimbursement in the amount of $59,292.00

22. KJS maintains $100,000.00 of the settlement proceeds in its client trust account.

23. The Plaintiff has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND with money that rightfully belongs to the Plaintiff.

24. Section 502(a)(3) of ERISA allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD. 29 U.S.C. § 1132(a)(3).

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A. Impose an equitable lien in the amount of $59,292.00 plus interest on the settlement proceeds recovered by CORY in the Tort Claim being maintained by KJS in its client trust account;

B. Impose an equitable lien in the amount of $59,292.00 plus interest on any settlement

proceeds distributed to CORY;

C. Enter a monetary judgment against Defendants CORY and KJS, jointly and severally, in the amount of $59,292.00 as a mechanism to enforce the equitable lien;

D. Enter an order awarding Plaintiff its reasonable attorney's fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. § 1132(g)(1); and

E. Award the Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(a)(3).

## COUNT II – ENFORCEMENT OF PLAN/SPD – CONSTRUCTIVE TRUST

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-five (24) as if fully set forth herein.

26. By refusing to reimburse the FUND the full amount of benefits paid in the amount of $59,292.00 from the monies received by Defendants in the settlement of the Tort Claim, Defendants have violated the terms of the Plan/SPD which clearly state that the Plan has a right to reimbursement from any and all money that Defendants recover from the Tort Claim.

27. The FUND has an absolute right to reimbursement in the amount of $59,292.00.

28. KJS maintains $100,000.00 of the settlement proceeds in a client trust account.

29. To the extent that any of the Defendants still maintain any money or property that is traceable to monies recovered by Defendants from the Tort Claim, the Plaintiff requests that this Court enter a constructive trust over the money and property.

30. The Plaintiff has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND

with money that rightfully belongs to the Plaintiff.

31. Section 502(a)(3) of ERISA allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD. 29 U.S.C. § 1132(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Impose a constructive trust in the amount of $59,292.00 plus interest on the settlement proceeds recovered by CORY in the Tort Claim being maintained in by KJS in its client trust account;

B. Impose a constructive trust in the amount of $59,292.00 plus interest on any settlement proceeds distributed to CORY;

C. Enter a monetary judgment against Defendants CORY and KJS, jointly and severally, jointly and severally, in the amount of $59,292.00 as a mechanism to enforce the constructive trust;

D. Enter an order awarding Plaintiff its reasonable attorney's fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. § 1132(g)(1); and

E. Award the Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(a)(3).

Respectfully Submitted,

**CENTRAL STATES JOINT BOARD
HEALTH & WELFARE TUST FUND**

By: /s/ Jeffrey A. Krol - 6300262
*One of the Plaintiff's Attorneys*

Jeffrey A. Krol
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com